ORIGINAL

Approved: _____
JACOB GUTWILLIG
Assistant United States Attorney

Before:    HONORABLE KEVIN N. FOX
           United States Magistrate Judge
           Southern District of New York

**18 MAG 1011**

------------------------------------X
                                    :   SEALED COMPLAINT
UNITED STATES OF AMERICA            :
                                    :   Violations of 18 U.S.C.
           - v. -                   :   §§ 1951, 924(c)(1), and
                                    :   2
DAVID HOLLAND                       :
    a/k/a "David Black"             :   COUNTY OF OFFENSE:
    a/k/a "Shysty"                  :   NEW YORK
    a/k/a "Donelle Holland"         :
                                    :
           Defendant.               :
------------------------------------X

SOUTHERN DISTRICT OF NEW YORK, ss.:

    WILLIAM J. PUSKAS, being duly sworn, deposes and says that he is a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF") and the New York City Policy Department ("NYPD") Joint Robbery Task Force (the "Sparta Task Force"):

### COUNT ONE
(Conspiracy to Commit Hobbs Act Robbery)

    1.   On or about August 23, 2018, in the Southern District of New York and elsewhere, DAVID HOLLAND, the defendant, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit HOLLAND and others known and unknown agreed to commit an armed robbery of a deli located in New York, New York.

           (Title 18, United States Code, Section 1951.)

## COUNT TWO
(Hobbs Act Robbery)

2.     On or about August 23, 2018, in the Southern District of New York and elsewhere, DAVID HOLLAND, the defendant, knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, HOLLAND committed an armed robbery of a deli located in New York, New York.

(Title 18, United States Code, Sections 1951(a) and 2.)

## COUNT THREE
(Hobbs Act Robbery)

3.     On or about September 14, 2018, in the Southern District of New York and elsewhere, DAVID HOLLAND, the defendant, knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, HOLLAND committed an armed robbery of a fruit stand located in New York, New York.

(Title 18, United States Code, Sections 1951(a) and 2.)

## COUNT FOUR
(Hobbs Act Robbery)

4.     On or about September 21, 2018, in the Southern District of New York and elsewhere, DAVID HOLLAND, the defendant, knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, HOLLAND committed an armed robbery of a fruit stand located in New York, New York.

(Title 18, United States Code, Sections 1951(a) and 2.)

## COUNT FIVE
(Hobbs Act Robbery)

5.   On or about October 12, 2018, in the Southern District of New York and elsewhere, DAVID HOLLAND, the defendant, knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, on or about October 12, 2018, HOLLAND committed an armed robbery of a deli located in New York, New York.

(Title 18, United States Code, Sections 1951(a) and 2.)

## COUNT SIX
(Attempted Hobbs Act Robbery)

6.   On or about October 19, 2018, in the Southern District of New York, DAVID HOLLAND, the defendant, knowingly did attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, on or about October 19, 2018, HOLLAND attempted to commit an armed robbery of a deli located in Manhattan.

(Title 18, United States Code, Sections 1951(a) and 2.)

## COUNT SEVEN
(Use of a Firearm in Connection with Attempted Robbery)

7.   On or about October 19, 2018, in the Southern District of New York, DAVID HOLLAND, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count Six of this Complaint, knowingly did use and carry a firearm, and in furtherance of such offense, knowingly did aid and abet the use, carrying, and possession of a firearm, which was brandished during the robbery charged in Count Six of this Complaint.

(Title 18, United States Code, Section 924(c)(1)(A)(ii) and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

8. I have been a Special Agent with the Sparta Task Force for approximately three years. I have participated in investigations for robberies and related offenses, and have made and participated in arrests of individuals who have committed such offenses.

9. The information contained in this Complaint is based upon my personal knowledge, as well as information obtained during this investigation, directly or indirectly, from other sources, including, but not limited to conversations with other law enforcement officers, review of video surveillance footage, review of photographs, and review of reports. Because this Complaint is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions and statements of and conversations with others are reported herein, they are reported in substance and in part. Where figures, calculations, and dates are set forth herein, they are approximate, unless stated otherwise.

### Overview

10. As set forth in greater detail below, the Sparta Task Force is investigating five robberies that have occurred in Manhattan between in or about August 2018 and in or about October 2018 (the "Robberies"). Based on my involvement in this investigation, my review of law enforcement reports, and my review of surveillance videos and photographs, I have learned that in each of the Robberies, a black male perpetrator entered commercial establishments in Manhattan and stole, or attempted to steal, United States currency from these businesses and/or their employees. In each of the Robberies, the perpetrator carried and brandished a silver firearm, and wore, among other articles of clothing, a wig and sunglasses to hide his identity. A second black male perpetrator participated in at least one of the robberies, see infra ¶¶ 12, 13.

11. From my review of publicly available materials, as well as my training and expertise as a Special Agent with the Sparta Task Force, I know that the goods and funds exchanged at each of the locations of each robbery traveled in interstate commerce.

## The Investigation

*The August 23, 2018 Robbery* ("Robbery-1")

12. Based on my conversations with law enforcement officials who have spoken with an employee of a deli located at or about 1469 5th Avenue (the "5th Avenue Deli") ("Victim-1"), as well as my review of surveillance footage, I have learned the following, in substance and in part:

13. On or about August 23, 2018, at approximately 4:10 a.m., an individual who was later identified as DAVID HOLLAND, the defendant, *see infra* ¶¶ 18-20, and an unidentified co-conspirator ("CC-1") entered the deli.

   a. HOLLAND displayed what appeared to be a silver firearm, while CC-1 removed $1,000 in United States currency from the cash register and stole from Victim-1 his cellphone, cigarettes, and a Toyota car key.

   b. HOLLAND wore a wig, a red hooded sweatshirt, and white gloves during Robbery-1.

*The September 14, 2018 Robbery* ("Robbery-2")

14. Based on my conversation with law enforcement officials who have spoken with an employee of a fruit stand located at or about 34 West 136th Street (the "Fruit Stand") ("Victim-2"), as well as my review of surveillance footage, I have learned the following, in substance and in part:

   a. On or about September 14, 2018, at approximately 4:30 a.m., an individual who was later identified as DAVID HOLLAND, the defendant, *see infra* ¶¶ 18-20, entered the fruit stand.

   b. HOLLAND displayed what appeared to be a silver firearm, stated to Victim-2 in substance and in part "Give me your money and empty your pockets," and proceeded to steal from Victim-2 approximately $400 in business proceeds and Victim-2's his cellphone.

   c. Victim-2 stated to law enforcement officers in substance and in part that, during Robbery-2, HOLLAND wore a "maroon" sweatshirt or jogging jacket and was "masked."

5

*The September 21, 2018 Robbery* ("Robbery-3")

15. Based on my conversations with law enforcement officials who have spoken with an employee of a fruit stand located at or about 34 West 136th Street (the "Fruit Stand") ("Victim-3"), as well as my review of surveillance footage, I have learned the following, in substance and in part:

   a. On or about September 21, 2018, at approximately 5:35 a.m., an individual who was later identified as HOLLAND, the defendant, *see infra* ¶¶ 18-20, entered the fruit stand.

   b. HOLLAND displayed what appeared to be a silver firearm and proceeded to steal from Victim-3 approximately $200 in business proceeds and Victim-3's cellphone.

   c. Victim-3 stated to law enforcement officers that, during Robbery-3, HOLLAND wore a wig, a "maroon" sweatshirt or jogging jacket, and blue jeans.

*The October 12, 2018 Robbery* ("Robbery-4")

16. Based on my conversations with law enforcement officials who have spoken with an employee of a deli located at or about 1469 5th Avenue (the "5th Avenue Deli") ("Victim-4"), as well as my review of surveillance footage, I have learned the following, in substance and in part:

   a. On or about October 12, 2018, at approximately 6:20 a.m., an individual who was later identified as DAVID HOLLAND, the defendant, *see infra* ¶¶ 18-20, entered the deli.

   b. HOLLAND displayed what appeared to be a silver firearm, stated to Victim-4 in substance and in part "Give me the money or I'll blow your fucking head off," and proceeded to steal from the cash register of the business approximately $2,700, Victim-4's cellphone, and cigarettes.

   c. HOLLAND wore a wig, a red hooded sweatshirt, white gloves, green shoes, and blue jeans during Robbery-4.

*The October 19, 2018 Attempted Robbery ("Robbery-5")*

17. Based on my conversations with law enforcement officials who have spoken with an employee of a deli located at or about 1469 5th Avenue (the "5th Avenue Deli") ("Victim-5"), as well as my review of surveillance footage, I have learned the following, in substance and in part:

   a. On or about October 19, 2018, at approximately 6:25 a.m., an individual who was later identified as DAVID HOLLAND, the defendant, *see infra* ¶¶ 18-20, entered the deli.

   b. HOLLAND displayed what appeared to be a silver firearm, and stated to Victim-5 in substance and in part "Give me the money in the register." HOLLAND then struck Victim-5 in the head with the firearm. A struggle ensued between HOLLAND and Victim-5.

   c. HOLLAND wore a wig, a red hooded sweatshirt, white gloves, green shoes, and blue jeans during Robbery-5.

   d. HOLLAND left behind the wig and glasses, as well as a cellphone.

   e. Victim-5 was transported to Harlem Hospital and was treated for head trauma.

### Identification of HOLLAND

18. Based on my participation in the investigation of the Robberies, review of surveillance videos, conversations with other law enforcement officers, I have learned the following in substance and in part, among other things:

   a. As described above, HOLLAND left a cellphone (the "Abandoned Cellphone") at the site of Robbery-5, *see supra* ¶ 17. The Abandoned Phone contains, among other things, photographs of three guns, including a silver revolver, which resembles the profile of the firearm used by the perpetrator in the commission of the Robberies.

   b. The Abandoned Cellphone also contains text messages identifying the Abandoned Cellphone as HOLLAND's, including:

      i. On or about July 17, 2018, a text sent from the Abandoned Cellphone read: "This David call me".

     ii. On or about October 12, 2018, the day that Robbery-4 occurred, at approximately 3:07 p.m., the Abandoned Cellphone received a text that read "My screen I can't see" and responds "Shysty," an alias used by HOLLAND.

    iii. The Abandoned Cellphone also sent and received emails using the email address shystytt@gmail.com." That email address is registered to "David Black," an alias for HOLLAND.

  c. The Abandoned Cellphone further contains, among other things, references to a second cellphone (the "Personal Cellphone"), including (1) a text message sent from the Abandoned Cellphone on or about August 27, 2018, approximately four days after Robbery-1, that read "Call me on my 3478222527" and (2) a text message sent from the Abandoned Cellphone on or about October 17, 2018, two days before Robbery-5, that read "Call my real number". The cellphone referenced on the Abandoned Cellphone is registered to HOLLAND.

*The Cell-Site Data and Surveillance Video*

    19. HOLLAND was arrested by NYPD officers on or about November 3, 2018, for possession of crack cocaine (the "November 2018 Arrest") near a particular address located on or about 137th Street in Manhattan, New York (the "137th Street Address"), where an individual resides who, based on statements that individual has made to law enforcement officers, I believe to be HOLLAND's significant other. Based on information available to law enforcement, HOLLAND is believed to reside at a particular address located on or about 132nd Street in New York, New York. Both residences are located approximately one mile from both the 5th Avenue Deli and the Fruit Stand.

    20. Based on my review of cellphone location data obtained pursuant to a Court order related to the Abandoned Cellphone and the Personal Cellphone, I have learned the following, in substance and in part:

a. The Personal Cellphone appeared to be within a few block radius of the location of Robbery-1 around the approximate time of Robbery-1.

b. The Personal Cellphone appeared to be within a one block radius of Robbery-2 at the approximate time of Robbery-2.

c. The Personal Cellphone appeared to be within a one block radius of Robbery-3 at the approximate time of Robbery-3.

d. The Personal Cellphone appeared to be within an approximately thirteen block radius of Robbery-4 at the approximate time of Robbery-4.

   i. Surveillance videos from the 137th Street Address taken at approximately 5:46 a.m. on October 12, 2018, shows a black male wearing green shoes and a black hat, and carrying a blue backpack, exiting the building. Robbery-4 was committed at a nearby location at approximately 6:20 a.m. Surveillance video taken at approximately 6:24 a.m., at a location near the location of Robbery-4, shows a male who appears to be the same individual counting cash United States currency.

e. The Personal Cellphone appeared to be within an approximately a few block radius of Robbery-5 at the approximate time of Robbery-5.

   i. Surveillance videos from the 137th Street Address taken at approximately 5:57 a.m. show a black male wearing green shoes, blue jeans, and a black hat, and carrying a blue backpack, exiting the building. Robbery-5 was committed at the nearby 5th Avenue Deli at approximately 6:25 a.m. Surveillance video from Robbery-5 shows an individual wearing what appear to be green shoes and torn jeans, along with a wig and red hooded sweatshirt, and brandishing a firearm, enter the 5th Avenue Deli. Surveillance video from the 137th Street Address taken at approximately 6:47 a.m., shows a male who appears to be the same individual, wearing green shoes and blue jeans, reenter the 137th Street Address.

WHEREFORE, I respectfully request that an arrest warrant be issued for DAVID HOLLAND, a/k/a "David Black," a/k/a "Shysty," a/k/a "Donelle Holland," the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

_____
WILLIAM J. PUSKAS
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me this
29th day of November

_____
HONORABLE KEVIN N. FOX
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK