UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

DAVID HOLLAND,

Defendant.

18-Cr-908 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Defendant David Holland has moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Holland is currently serving a 108-month term of imprisonment for interfering with commerce by threat or violence for committing four Hobbs Act robberies and one attempted Hobbs Act robbery.

Section 3582(c)(1)(A), the "compassionate release" statute, permits a court to reduce a defendant's sentence if 1) "extraordinary and compelling reasons warrant such a reduction"; 2) the reduction would be consistent with the factors set forth in 18 U.S.C. § 3553(a); and 3) the reduction would be consistent with any applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).[1]

Holland's motion fails both because he has not shown "extraordinary and compelling reasons" meriting a sentence reduction, and because any reduction would not be consistent with the section 3553(a) factors. Holland contends that his health (especially as it is impacted by the threat of COVID-19), his family circumstances, the alleged lack of a drug treatment program at FCI Otisville (his current place of confinement), his post-sentencing conduct, and a recent Second Circuit opinion combine to meet the exacting "extraordinary and compelling reasons" standard. The Court will address each of Holland's points in turn.

First, Holland contends that his health conditions, namely his asthma and obesity, expose him to an increased risk of serious illness due to COVID-19. Holland's medical records do indicate that he "is a [f]ormer smoker, [o]verweight with [a]sthma." (Def.'s Mot. Ex. A., ECF No. 67.) Both asthma and being overweight are factors that heighten the severity of COVID-19 sickness. *See People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 11, 2023). However, "with the now-widespread availability of vaccinations in federal prisons, the pandemic-related risks posed to inmates have dropped substantially." *United States v. Pena*, No. 18-Cr-858 (SHS), 2021 WL 2358803, at *1 (S.D.N.Y. June 9, 2021). While Holland contends that FCI

---

[1] A defendant must also exhaust his administrative remedies prior to bringing suit. Holland has done so.

1

Otisville is currently overwhelmed by a "tridemic" of respiratory illnesses consisting of COVID-19, respiratory syncytial virus (RSV), and the flu, the fact is that FCI Otisville currently has just one positive case of COVID-19 among its staff members and zero cases among its inmates. *See BOP COVID-19 Statistics*, Fed. Bureau Prisons, htttps://www.bop.gov/coronavirus/covid19_statistics.html (last updated Sept. 1, 2023).

While the Court does not dispute the gravity of the COVID-19 pandemic, courts in this district, including this Court, have found that "the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release . . . ." *United States v. Nwankwo*, No. 12-Cr-31 (VM), 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020); *see also United States v. Davis*, No. 12-Cr-712 (SHS), 2020 WL 4573029, at *1 (S.D.N.Y. Aug. 7, 2020). Here, the presence of COVID-19 at Holland's place of incarceration is minimal—and actually non-existent among the inmate population—and he has presented no facts to suggest his assertion that RSV and the flu have compromised the ability of the Bureau of Prisons to care for inmates at FCI Otisville.

Second, Holland urges that his mother's need for a primary caregiver weighs in favor of a sentence reduction. (Def.'s Mot. at 1-2, ECF No. 67.) He asserts that his mother, age 62, suffers from human immunodeficiency virus and chronic obstructive pulmonary disease, which increase her susceptibility to contracting COVID-19. (*Id.*) While the Court certainly understands Holland's desire to care for his mother, and recognizes that inmates' family members undoubtedly face hardships while their loved ones are incarcerated, the compassionate release statute authorizes release only "where the family circumstances are truly 'extraordinary and compelling,' and not merely the inevitable circumstances families face when a family member is incarcerated. Being separated from your wife and children and unavailable to care for aging parents are but two of the sad and inevitable consequences of incarceration." *United States v. John*, No. 15-Cr-208 (CM), 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020); *see also United States v. Montesino*, No. 18-Cr-526 (AJN), 2022 WL 281280, at *3 (S.D.N.Y. Jan. 31, 2022).

Third, Holland claims that although he wants to enroll in a residential drug treatment program while incarcerated, no such program is available at FCI Otisville. Not only does the lack of such a program not meet the high bar of being an "extraordinary and compelling" reason for a sentence reduction, but also programming while incarcerated is a matter for the Bureau of Prisons, not this Court.

Fourth, Holland alleges that his conduct while incarcerated is "remarkable" in that he has completed "over a dozen rehabilitative and educational programs" and has not incurred a single incident report since the start of his incarceration. (Def.'s Mot. at 4, Ex. A, ECF No. 67.) However, while admirable, "a productive institutional record while incarcerated . . . is what is expected," and is not a basis for a sentence reduction. *United States v. Saleh*, No. 93-Cr-181, 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020).

Finally, Holland contends that the United States Sentencing Guidelines range would have been significantly lower if he had been sentenced pursuant to today's sentencing guideline range. He points to the decision of the U.S. Court of Appeals for the Second Circuit in *United States v. Chappelle*, 41 F.4th 102 (2d Cir. 2022), which holds that a "Hobbs Act robbery is not a 'crime of violence,' as that term is defined in U.S.S.G. § 4B1.2(a) (2018)." *Chappelle*, 41 F.4th at 112. Holland's sentencing guideline range was calculated on the basis that he was a career offender and therefore in Criminal History Category VI pursuant to U.S.S.G. § 4B1.1 because his Hobbs Act robberies were considered to be crimes of violence at the time of his sentencing in 2020. These convictions, if considered subsequent to *Chappelle*, would not constitute crimes of violence, but Holland would still be in Criminal History Category VI because he had at least 13 criminal history points. (Presentence Investigation Report ("PSR") ¶ 132, ECF No. 46.) Applying *Chappelle* to Holland's situation would not alter the Court's below-guideline sentence of 108 months. As a court in this district noted, "[i]ntervening case law, or a change in statutory law, that results in a lower advisory Guidelines range if an incarcerated defendant were sentenced in the present day does not in and of itself constitute extraordinary and compelling reasons under section 3582(c)(1)(A)(i)." *United States v. Tillman*, No. 13-Cr-362 (JPC), 2023 WL 355624, at *3 (S.D.N.Y. Jan. 23, 2023). Accordingly, *Chappelle* does not present an extraordinary and compelling reason for a reduction in Holland's sentence.

In sum, the Court finds that the circumstances Holland proffers do not constitute extraordinary and compelling reasons for a sentence reduction either separately or in tandem.

Next, even if the Court were to determine that "extraordinary and compelling reasons" exist here, a reduction in Holland's sentence would not comport with the section 3553(a) factors. Holland engaged in four armed robberies and one attempted armed robbery of delis and fruit stands in Manhattan. (PSR ¶¶ 3, 5-7, 9, ECF No. 46.) In one he threatened the victim by saying "give me the money or I'll blow your fucking head off . . . ." (*Id.* ¶ 20.) In another of the armed robberies, which was captured on video surveillance, he demanded that the victim give him money from the store's cash register, struck the victim in the head with a firearm, and engaged in a struggle with the victim, who had to be transported to the hospital and treated for head trauma. (*Id.* ¶ 21.) Holland has seven criminal convictions, including convictions for attempted assault with a weapon, sale of a controlled substance, tampering with physical evidence, and criminal possession of stolen property, for which he served several prison terms of up to 42 months prior to these most recent convictions. (*Id.* at 34.) To date, Holland has served approximately half of his below-guideline sentence. Granting Holland's motion at this time would neither reflect the seriousness of his offenses nor provide just punishment as required under section 3553(a).

In sum, Holland has not shown that a reduction in his sentence is warranted. Not only has he failed to demonstrate "extraordinary and compelling reasons" that would justify a reduction, but such a reduction would be inconsistent with the factors set forth in 18 U.S.C.

§ 3553(a). Accordingly, Holland's motion for a sentence reduction (ECF No. 67) is denied, as is his accompanying request for the appointment of counsel (ECF No. 66). The Clerk of Court is directed to mail a copy of this Order to defendant as follows: David Holland [86372-054], FCI Otisville, Federal Correctional Institution, P.O. Box 1000, Otisville, NY 10963.

Dated: New York, New York
       September 5, 2023

SO ORDERED:

*Sidney H. Stein*

Sidney H. Stein, U.S.D.J.